# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
ELIZABETH T. ZAGAJESKI, BAR NO.
10808.

No. 69549

FILED

FEB 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF TEMPORARY SUSPENSION AND REFERRAL TO SOUTHERN NEVADA DISCIPLINARY BOARD*

This is a petition under SCR 111(4) concerning attorney Elizabeth Zagajeski, based on multiple misdemeanor convictions: battery-domestic violence (two convictions), failure to appear after admission to bail or release without bail (two convictions), and issuance of a check without sufficient funds (one conviction). It appears that Zagajeski did not report the convictions to the State Bar as required by SCR 111(2).[1]

Although the battery and failure-to-appear crimes are not "serious" as defined by SCR 111(6), the insufficient-funds crime is a "serious" offense even though it is less than a felony, because one of the necessary elements is, as determined by the statutory definition of the crime, misrepresentation or fraud. *See* NRS 205.130(1) (providing that "a person who willfully, *with an intent to defraud*, draws or passes a check or draft to obtain" money, valuable property, services, the use of property, or

---

[1]Although each of Zagajeski's convictions was based on a nolo contendere plea, they constitute "convictions" for purposes of SCR 111. *See* SCR 111(1). We note that Zagajeski has been administratively suspended for failing to comply with mandatory reporting obligations and pay annual bar license fees (July 23, 2013) and for failing to comply with mandatory continuing legal education requirements (April 10, 2014). It does not appear that Zagajeski has taken the necessary actions to resolve those administrative suspensions.

16-05015

credit at a gaming establishment when the person has insufficient money to pay the instrument in full upon its presentation is guilty of criminal offense (emphasis added)). Therefore, an automatic temporary suspension is required under SCR 111(7) and referral to a disciplinary board is required under SCR 111(8). Accordingly, we temporarily suspend Zagajeski from the practice of law in Nevada and refer this matter to the Southern Nevada Disciplinary Board for the institution of a hearing before a hearing panel in which the sole issue to be determined shall be the extent of the discipline to be imposed.

It is so ORDERED.[2]

_____, C. J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:     Chair, Southern Nevada Disciplinary Board
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Elizabeth T. Zagajeski
        Cobeaga Law Firm
        Law Offices of Philip J. Trenchak, Esq.
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]This constitutes our final disposition of this matter. Any further disciplinary proceedings involving Zagajeski shall be docketed as a new matter.